Chief Justice Robertson
delivered the opinion of the Court.
The only question in this case is, whether, after verdict for defendant in error, the circuit court ought to have arrested the judgment?
The defendant in erior sued the plaintiff in error, in covenant, for a breach of a covenant warranting to her testator, the title to a tract of land. She declared as devisee, without averring that she was devisee of the tract of land, or of the whole title to it. The only issue was, whether or not there had been a breach ot the covenant.
The declaration does riot shew a defective title, but only a title defectively set out. To entitle the plaintiff in the action to maintain her suit, on the pri-
John Trimble, for plaintiff; Monroe, for defendant-
vity of estate, she must be the assignee of the whole tile to the land; and this ought to be averred in the declaration; otherwise ¿demurrer to it should be sustained. I. Chitty, 353; I. Sanders, 276, a. n. 1; II. Johnson’s Reports, 1.
But the verdict on the issue, cured the defect in the declaration.
The allegation by the plaintiff below, that she was devisee, would have authorized proof, that she was devisee of the land, and held as such, the whole title of the testator. That allegation- was traversable. The issue conceded her right to sue on the privily of estate, as assignee': and placed the controversy on another point.
Wherefore, it is our opinion that the defect in the declaration has been cured by the verdict.
Judgment affirmed.